THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LEDRA K. CAMPBELL** | * | **CIVIL ACTION NO. 05-1408** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT & RECOMMENDATION**

Petitioner, Ledra K. Campbell ("Campbell"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice**.

Background & Procedural History

Campbell filed her application for disability insurance benefits on June 27, 2003. Her claims were denied initially and a hearing before ALJ W. Thomas Bundy was held on January 28, 2005 in Monroe, Louisiana.[1] Campbell has a high school education and no relevant past

---

[1] The transcript of the hearing states that it was held on January 28, 2005 in Shreveport, Louisiana before ALJ Polindick (phonetic) (Tr. pg. 141-151). After reviewing the record, this Court concludes that these inconsistencies were transcription errors. The Social Security Administration, Office of Hearings and Appeals Decision states that the hearing was held in Monroe, Louisiana and was signed by ALJ W. Thomas Bundy (Tr. pg. 11-19). The Notice of Hearing stated that the hearing would be held in Monroe, Louisiana and was sent from W. Thomas Bundy (Tr. pg. 20-23). In addition, Petitioner's counsel stated that the hearing was held before ALJ W. Thomas Bundy (Petitioner's Brief Doc. #9).

1

work experience. Campbell was 45 years old at the time of her hearing. She alleges that she became disabled on December 31, 1992. The ALJ found that Campbell had severe impairments, consisting of medullary sponge kidney, nephrocalcinoses, and degenerative disc disease of the cervical spine, but the impairments do not meet or medically equal one of the listed impairments. Campbell was assessed with a residual functional capacity ("RFC") to perform the full range of light work and found not disabled within the meaning of the Social Security Act. The ALJ's determination was made on February 25, 2005, and the Appeals Council affirmed the decision on May 27, 2005. Campbell appealed the decision by filing a Complaint in this Court on August 3, 2005.

Campbell argues that the ALJ erred in finding that she has an RFC to perform light work. The only issue before this Court is whether the decision of the ALJ is supported by substantial evidence.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program

throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of

proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**<u>Analysis</u>**

Campbell argues that the ALJ erred in determining that she retained a RFC for light work and is therefore not disabled. RFC is the level of work that a claimant can physically perform on a sustained basis despite his/her impairments; it may range from Very Heavy to Sedentary to Less than the Full Range of Sedentary. 20 C.F.R. § 404.1545(a)(1). An ALJ's assessment of a claimant's RFC is based on all the relevant evidence in the record, including medical opinions, symptoms, witnesses' credibility, and lay testimony; however, ALJ's are not required to give special weight to conclusory opinions that a claimant is "unable to work" or "disabled." *See* 20 C.F.R. §§ 404.1520(e), 1527(e)(1).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (b).

The ALJ found that Campbell is capable of lifting/carrying twenty pounds and frequently lifting/carrying ten pounds. The ALJ found that Campbell can stand/walk six hours a day and occasionally climb, balance, stoop, kneel, crouch and crawl, and reach, finger and feel with the left upper extremity. (Tr. 18).

Campbell argues that the ALJ erred because she is unable to stand or walk for six hours in an eight-hour work day due to pain. Campbell argues that she is unable to perform work at any level because she is in constant pain. She asserts that her complaints of pain are deemed credible by her treating physicians at LSU Health Sciences Center because they regularly prescribe her pain medications, including Lortab and OxyContin. At her hearing, Campbell testified about her pain with kidney stones:

> A. Well, it's constant on both sides, you have to understand, with kidney stones, when they start passing, they may move 2" in your ureter and then stop. But I have the constant pain with it every day, chronic pain with it every day. But passing kidney stones, I would say every week to 10 days.
>
> Q. Is the medication helpful at all?
>
> A. When it gets to the point where the kidney stone is moving, I have to get the – one of the physicians to give me something stronger to help with it. But a lot of the pain, I have to deal with it on my own. I've passed up to 10 kidney stones at one time.
>
> Q. Are you better on some days than others, or is each about like the next?
>
> A. There's constant pain that I deal with everyday. On a scale from 1 to 10, I'd say it goes from a – about a 3 and then when the kidney stones move, it will go off the scale, over the 10. But you know, I have some days that are better than others.

Tr. 145-46.

The Government argues that substantial evidence supports the ALJ's RFC finding

because the consultative examiner and state agency medical consultant opinions indicate that Campbell is capable of performing light work activity. (Tr. 29-37, 115-18). The Government contends that Campbell does not have disabling pain.

The ALJ considered Campbell's complaints of pain. (Tr. 15). The mere existence of pain is not an automatic ground for obtaining disability benefits. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985). Pain constitutes a disabling condition when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ found that "[n]either the objective medical evidence nor the testimony of the claimant establishes that the ability to function has been so severely impaired as to preclude all types of work activity." (Tr. 15). An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988); *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Campbell's lack of frequent treatment for pain demonstrates that her pain is not constant, unremitting, and wholly unresponsive to therapeutic treatment. The record shows infrequent emergency room visits due to pain. (Tr. 13-14, 82, 85). The ALJ noted that Campbell only went to the emergency room a couple of times a year for pain control. (Tr. 14). Campbell testified that she only went to her physician every three months. (Tr. 144). A medical record from the Green Clinic, dated March 7, 2003, reported that Campbell had not been seen there since 1998. (Tr. 87). An outpatient record, dated April 4, 2003, from LSU Health Sciences Center reported that Campbell was last seen in 2000. (Tr. 108). In addition, despite Campbell's kidney stone production, the consultative examiner indicated that her renal function was normal. (Tr. 118).

Campbell also lacks the objective signs of disabling pain. In July 2003, Campbell went to the emergency room complaining of back and neck pain. However, she had no decreased range of motion of bilateral shoulders, 4/5 muscle strength of the left upper extremity, and 5/5 muscle strength of the right upper extremity. (Tr. 135). During her consultative examination, Campbell's neck had full range of motion. She was able to flex her lumbar spine to ninety degrees, extend to thirty degrees, and the straight leg raising test was negative bilaterally. Campbell's gait and station were normal without any assistive devices and she had no difficulty walking on her heels or tip toes. Her extremities had no peripheral edema, clubbing, or evidence of muscle atrophy. Campbell had complete range of motion of all joints except for some limitation of the left shoulder. X-rays of the left shoulder revealed only mild irregularities of the humeral head and mild loss of the joint space in the glenoid foss, resulting in "mild osteoarthritis" with "mild impairment of function". Neurologically, Campbell had no motor or sensory deficits and motor strength was 5/5 in all areas. (Tr. 117-18).

None of Campbell's physicians recommended limitations that would preclude all work activity. Caleb Blythe Bozeman, M.D., "refused to fill out the forms for disability." (Tr. 96). Thomas Siskron, M.D., told Campbell that he would not refill a small prescription of OxyContin. (Tr. 108).

Campbell has failed to prove that she has disabling pain, or that the ALJ's determination as to her RFC was incorrect. The ALJ's RFC finding was supported by substantial evidence; therefore, **IT IS RECOMMENDED** that the **Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE